JOHN E.F. DINAPOLI, ESQ. (CA SBN 84365)
DINAPOLI & SIBLEY
Ten Almaden Boulevard, Suite 1250
San Jose, California 95113
Tel: (408) 999-0900
Fax: (408) 999-0191

W. JEFF BARNES, ESQ. (pro hac vice)
6655 West Sahara Avenue, Suite B200
Las Vegas, Nevada 89146
Tel: (702) 222-3202
Fax: (702) 804-8137

Attorneys for Debtor MICHAEL BERUBE

ORIGINAL

FILED
JUL 28 2008
CLERK
United States Bankruptcy Court
San Jose, California

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| In re | CASE NO. 08-50378-RLE |
| MICHAEL BERUBE, | Chapter 7 |
| Debtor. | R.S. No. MAW-39 |
| | **DEBTOR'S MOTION TO VACATE ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY** (Bankruptcy Rule 9024, Fed. Rule 60(b) |
| | DATE: Wednesday, September 17, 2008<br>TIME: 10:30 a.m.<br>CTRM: 3099 |
| | 280 South First Street, #303<br>San Jose, California 95113-3099 |

Debtor, pursuant to Bankruptcy Rule 9024, Federal Rule of Civil Procedure 60(b), and applicable decisional law, moves for an order vacating this Court's prior Order of April 16, 2008 which granted the Motion of Mortgage Electronic Registration Systems, Inc. Solely as Nominee for Alliance Bancorp, its successors and/or assigns (hereafter "Movant") for relief from the automatic stay.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. Background Material Facts

On or about February 26, 2008, Movant filed a Motion for Relief From Automatic Stay which was scheduled for hearing for March 19, 2008. Debtor questioned Movant's standing at the March 19 hearing. Movant withdrew its Motion, and re-filed same on or about March 26, 2008 with this Motion being scheduled for hearing for April 16, 2008. For purposes of the instant Motion, both of the Movant's Motion for Relief From Automatic Stay filed on or about February 26, 2008 and March 26, 2008 will be referred to as "Movant's Motions".

Movant's Motions both recited that on or about October 13, 2006, Debtor made, executed, and delivered to Movant a Deed of Trust granting Movant a security interest in real property described as 9 Sonoma Lane, Carmel, California 93923. A copy of the subject Deed of Trust was attached as an exhibit to Movant's Motions denominated as Document No. 2006094479 filed with the Monterey County Recorder on October 25, 2006.

Movant's Motions were also accompanied by the Declaration of one Andrew Kneady in alleged support of Movant's Motions. The Kneady Declarations, both of which were signed on the same day as each of the Motions under penalty of perjury under the laws of the United States of America that each Declaration was true and correct, both recited the same factual allegations as the Movant's Motions as to the Debtor making, executing, and delivering the Deed of Trust to Movant on or about October 13, 2006 and same having been recorded with the Monterey County Recorder's office on October 25, 2006.

Conspicuously absent from both of Movant's Motions and both of the Kneady Declarations (which Declarations were submitted under oath as being "true and correct") was any reference to facts known to Movant at the time that both Motions and both Kneady Declarations were filed (that being in February and March of 2008) that on October 17, 2007, Movant, through one "Yvonne J. Wheeler, Asst. Sec." of Movant, executed an Assignment of the Deed of Trust the subject of Movant's Motions and both Kneady Declarations (denominated as Instrument No. 2006094479 recorded in the Official Records of the Monterey County Recorder's Office) whereby Movant granted, assigned, and transferred all of its beneficial interest in the subject Deed of Trust to an entity denominated as Chase Home Finance, LLC. A copy of this first Assignment is attached hereto and incorporated herein by reference. Although this first Assignment of the subject Deed of Trust was not notarized until June 17, 2008 and not recorded until June 23, 2008, this first Assignment was effective as of October 17, 2007.

Further and on the same day (October 17, 2007), the same "Yvonne J. Wheeler", this time affirmatively representing herself to be the "A.V.P." of "Chase Home Finance LLC by Cal-Western Reconveyance Corporation as Attorney-In-Fact", executed a second Assignment of the same Deed of Trust the subject as the first Assignment (Instrument No. 2006094479) to an entity known as "Homesales, Inc.", by which Chase Home Finance LLC granted, assigned, and transferred all beneficial interest under the subject Deed of Trust to Homesales, Inc. A copy of this second Assignment is attached hereto and incorporated herein by reference. Although this second Assignment of the subject Deed of Trust was

not notarized until June 17, 2008 and not recorded until June 23, 2008, this second Assignment was also effective as of October 17, 2007.

There is no allegation in either of Movant's Motions or either of the Kneady Declarations that Homesales, Inc. ever re-assigned its interest in the subject Deed of Trust back to Movant in order for Movant to seek relief in this proceeding or granted Movant with any rights to seek such relief.

Pursuant to the multiple Assignments from Movant to Chase Home Finance LLC and from Chase Home Finance LLC to Homesales, Inc., "Movant" lost its legal standing to seek any relief incident to the subject Deed of Trust on October 17, 2007, including the right to seek any relief from the automatic stay to pursue a Trustee's Sale. As Movant had actual knowledge, at the time that it filed both Motions for Relief From Automatic Stay and both Kneady Declarations in February and March of 2008 that it had no legal standing to do so as of October 17, 2007, Movant has misrepresented material facts to this Court and has perpetrated a fraud upon this Court to the detriment of the Debtor.

II. Applicable Law

A Federal court has the inherent power to determine whether it may exercise jurisdiction in any particular matter and to determine standing under Federal constitutional principles and under the Bankruptcy Code. In Re Commercial Financial Services, Inc., 238 B.R. 249, 481 (Bankr. N.D. Okl. 1999)(Order striking pleadings for lack of standing, citing Stoll v. Gottleib, 305 U.S. 165, 171, 59 S.Ct. 134, 137, 83 L.Ed. 104 (1938)). The question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular



Case: 08-50378 Doc# 65 Filed: 07/28/08 Entered: 07/28/08 14:01:41 Page 4 of 18

issues, which inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise. In Re Commercial Financial Services, Inc., *supra*, citing Warth v. Seldin, 422 U.S. 490, 497, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975).

A party seeking to foreclose bears the burden of demonstrating standing and must plead its components with specificity, and must demonstrate that it was the holder and owner of the note and mortgage as of the date that foreclosure relief is sought or the court will enter a dismissal of the foreclosure action. Coyne v. American Tobacco Company, 183 F.3d 488 (6th Circuit 1999), cited in Opinion and Order of Hon. Christopher A. Boyko in the matter of In Re Foreclosure Cases, United States District Court, Northern District of Ohio (Eastern Division)(copy attached hereto, dismissing foreclosure actions for failure of foreclosing party to satisfy its burden of demonstrating standing as of the time of seeking foreclosure relief through filing of Complaint).

Section 1109 of the Bankruptcy Code identifies persons or entities who possess the right to be heard in a bankruptcy case as being a party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee. Although any of these parties may raise and may appear and be heard on any issue in a case, the Bankruptcy Court must determine, on a case-by-case basis and pursuant to 11 U.S.C. sec. 1109(b), whether the prospective party in interest has a sufficient stake in the proceeding to require representation. In Re Commercial Financial Services, Inc., *supra*, citing Vermejo Park Corp. v. Kaiser

Coal Amatex Corp., 755 F.2d 1034, 1042 (3d Cir. 1985). If a party seeking relief is not a party in interest, has no personal claim, or does not represent anyone on whose behalf he might be a party in interest, he has no standing to seek relief and any relief sought is without merit and cannot be granted for lack of standing. In Re Property Management & Investment, Inc., 17 B.R. 728, 730 (Bankr. M.D. Fla. 1982).

Bankruptcy Rule 9024 provides for relief from Orders or Judgments, incorporating Federal Rule of Civil Procedure 60(b). Rule 60(b) permits relief from a Judgment or Order for, *inter alia,*

(1) **mistake**, inadvertence, surprise, or excusable neglect;

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void; or

(6) any other reason that justifies relief.

Orders of the United States Bankruptcy Court are subject to the provisions of Rule 60(b), especially with regard to orders granting relief from the automatic stay including those which grant relief from the automatic stay in order to permit a putative creditor to seek foreclosure of the debtor's residence. "Such orders can be brutal", and "Where they do not promote their intended purposes, they must be reviewed, and where enforcement produces inequitable results, Rule 60(b)(6) offers an alternative." In Re Rickey Linda Thomas, A.P. No. 07-00042 (Memorandum Opinion, Bankr. N.D. Ala. Southern Division, April 20, 2007). Rule 60(b)(6) is a provision designed to cover unforeseen contingencies and is



Case: 08-50378 Doc# 65 Filed: 07/28/08 Entered: 07/28/08 14:01:41 Page 6 of 18

available in exceptional circumstances, and where absent such relief an extreme hardship will result. In Re Rickey Linda Thomas, *supra* at page 7, citing Lasky v. Continental Products Corp., 804 F.2d 250, 255 n.9 (3d Cir. 1986) and Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977).

When a party demonstrates circumstances that justify vacating an earlier court order lifting the stay to pursue a foreclosure, that party may properly file a motion pursuant to Bankruptcy Rule 9024 and Fed.R.Civ.P. 60(b) for relief from the prior order granting relief from the automatic stay, with the granting of the Rule 9024/60(b) motion operating to reimpose the automatic stay to prevent a foreclosure. In Re Gledhill, 76 F.3d 1070, 1072 (10th Cir. 1996). Doing so does not constitute a request for an injunction which requires an adversary proceeding under Bankruptcy Rule 7001(7), and thus a party may seek relief from a bankruptcy court order which lifted the automatic stay by motion pursuant to Rules 9024 and 60(b) without filing an adversary proceeding. The plain language of Rules 9024 and 60(b) permit a party to request Rule 60(b) relief by filing the motion as a contested matter. In re Gledhill, *supra* at 1079-1080.

Rule 60(b) "gives the court a 'grand reservoir of equitable power to do justice in a particular case'". In Re Gledhill, *supra,* citing Pierce v. Cook & Co., 518 F.2d 720, 722 (10th Cir. 1075)(en banc), quoting Radack v. Norwegian America Line Agency, Inc., 318 F.2d 538, 542 (2d Cir. 1963). Rule 60(b) should be liberally construed to achieve substantial justice. United States v. Gould, 301 F.2d 353, 355-56 (5th Cir. 1962), quoting 7 Moore's Federal Practice P. 60.19, at 237-39.



Case: 08-50378 Doc# 65 Filed: 07/28/08 Entered: 07/28/08 14:01:41 Page 7 of 18

The allowance of a movant to foreclose on a debtor's home results in the debtor suffering irreparable injury, and the threatened injury to the debtor from a foreclosure is greater than any damage which the movant may claim to suffer. In Re Rickey Linda Thomas, *supra* at page 14.

III. Application of Law to Facts and Relief Sought

Movant has failed to demonstrate, and cannot demonstrate, that it had legal standing to request relief from the automatic stay to pursue a foreclosure and Trustee's Sale of the Debtor's property at the time that it filed either of its Motions and Declarations, both of which were devoid of any allegations that Movant's previously assigned interest in the Deed of Trust to Chase Home Finance LLC and subsequently assigned to Homesales, Inc. were either re-assigned back to Movant or that Movant had been provided with any legal authority by Homesales, Inc. to pursue relief from the automatic stay. As in the attached decision of Judge Boyko, "...***none*** of the Assignments show the named Plaintiff to be the owner of the rights, title, and interest under the Mortgage at issue as of the date of the Foreclosure Complaint."

The material omissions by Movant and the material nondisclosure by Movant of the multiple Assignments in either of Movant's Motions or the accompanying Declarations resulted in a ruse to have this Court believe, at the time that Movant's Motions were filed and on April 16, 2008, that Movant had full legal standing to request the drastic form of relief from the automatic stay to pursue a foreclosure on the Debtor's home. As in the Boyko decision, Movant has failed to satisfy its threshold obligation of demonstrating legal standing to seek relief.

Under these now record circumstances, the entry of this Court's April 16, 2008 Order granting Movant's Motion for Relief From Automatic Stay was a mistake based on the misrepresentations of Movant *ab initio,* thus justifying the vacation of the subject Order pursuant to Fed.R.Civ.P. 60(b)(1). The material omissions and misrepresentations of Movant constitute fraud, misrepresentation, and misconduct by Movant, thus warranting the vacation of this Court's April 16, 2008 Order pursuant to Fed.R.Civ.P. 60(b)(3).

As this Court's Order of April 16, 2008 was based on a premise which is conclusively false (lack of standing or legal interest of Movant), the subject Order granting relief from the automatic stay for Movant to pursue a foreclosure is void, warranting the vacation of the subject Order pursuant to Fed.R.Civ.P. 60(b)(4). As the injustice resulting from the entry of this Court's April 16, 2008 Order is extraordinary, not anticipated by the Court at the time of entry of the April 16, 2008 Order, and as such harm is substantial and represents irreparable injury to the Debtor which greatly outweighs any alleged "harm" to the Movant (who had no interest in the subject Deed of Trust as of October 17, 2007), this Court's April 16, 2008 Order should be vacated pursuant to Fed.R.Civ.P. 60(b)(6).

Debtor thus requests that this Court's April 16, 2008 Order be vacated and, if the Court deems appropriate, that sanctions be entered against Movant and any other responsible party pursuant to Bankruptcy Rule 9011.

DINAPOLI & SIBLEY

John E. F. DiNapoli (CA SBN 84365)
W. Jeff Barnes (*pro hac vice)*
Attorneys for Debtor

CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES that a true and correct copy of the foregoing has been forwarded, via U.S. Mail, to all parties and counsel on the attached Service List on this 23rd day of July, 2008.

DINAPOLI & SIBLEY

/s/ John E. F. DiNapoli (CA SBN 84365)
W. Jeff Barnes (*pro hac vice)*
Attorneys for Debtor

**SERVICE LIST**

**DEBTOR**

Michael Berube
P.O. Box 356
Carmel Valley, California 93924

**CHAPTER 7 TRUSTEE**

John W. Richardson
5161 Soquel Drive, #F
Soquel, California 95073

**U.S. TRUSTEE**

U.S. Trustee, Department of Justice
U.S. Federal Building
280 S. 1st St., #268
San Jose, California 95113-3004

**JUNIOR LIENHOLDERS**

GMAC Mortgage
C/o Managing or Servicing Agent
P.O. Box 79135
Phoenix, Arizona 85062-9135

**RESPONDENT'S COUNSEL**

Melodie A. Whitson
Pite Duncan LLP
525 E. Main Stret
P.O. Box 12289
El Cajon, California 92022-2289

Recording Requested By
And When Recorded Mail To:
FIRST AMERICAN TITLE INSURANCE COMPANY
CHASE HOME FINANCE (OHIO)
3415 VISION DRIVE
COLUMBUS OH 43219

Stephen L. Vagnini
Monterey County Recorder
Recorded at the request of
First American Title

CRMARIA
6/23/2008
8:00:00

DOCUMENT: 2008040427

Titles: 1/ Pages: 1
Fees.... 9.00
Taxes..
Other...
AMT PAID $9.00

3490300-VO

SPACE ABOVE THIS LINE FOR RECORDER'S USE

T.S. NO. 1120914-11 LOAN NO. XXXXXX9017

# ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to CHASE HOME FINANCE, LLC.all beneficial interest under that certain deed of trust dated October 13, 2006, executed by MICHAEL R BERUBE, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, trustor, to ALLIANCE TITLE, trustee,and recorded as Instrument No. 2006094479 on October 25, 2006 in book XX page XX, of Official Records in the County Recorder's office of MONTEREY County, CALIFORNIA describing land therein as

COMPLETELY DESCRIBED IN SAID DEED OF TRUST

together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated: 10-17-2007

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC AS NOMINEE FOR ALLIANCE BANCORP

Yvonne J. Wheeler, Asst. Sec.

State of CA
County of SAN DIEGO
On 06.17.2008 before me, Linda Jo Davis,
a Notary Public in and for said State, personally appeared Yvonne J. Wheeler, Asst. Sec.,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal

(Seal)

Signature

LINDA JO DAVIS
Commission # 1708819
Notary Public - California
San Diego County
My Comm. Expires Dec 5, 2010



END OF DOCUMENT

Recording Requested By
And When Recorded Mail To:
FIRST AMERICAN TITLE INSURANCE COMPANY
CHASE HOME FINANCE (OHIO)
3415 VISION DRIVE
COLUMBUS OH 43219

Stephen L. Vagnini
Monterey County Recorder
Recorded at the request of
First American Title

CRMARIA
6/23/2008
8:00:00

DOCUMENT: 2008040428

Titles: 1/ Pages: 1
Fees... 9.00
Taxes..
Other...
AMT PAID $9.00

3490300-VD

SPACE ABOVE THIS LINE FOR RECORDER'S USE

T.S. NO. 1120914-11 LOAN NO. XXXXXX9017

# ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to HOMESALES, INC.all beneficial interest under that certain deed of trust dated October 13, 2006, executed by MICHAEL R BERUBE, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, trustor, to ALLIANCE TITLE, trustee,and recorded as Instrument No. 2006094479 on October 25, 2006 in book XX page XX, of Official Records in the County Recorder's office of MONTEREY County, CALIFORNIA describing land therein as

COMPLETELY DESCRIBED IN SAID DEED OF TRUST

together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated: 10-17-2007

CHASE HOME FINANCE LLC
BY CAL-WESTERN RECONVEYANCE CORPORATION
AS ATTORNEY-IN-FACT

Yvonne J. Wheeler, A.V.P.

State of CA
County of SAN DIEGO
On 06-17-2008 before me, **Linda Jo Davis**,
a Notary Public in and for said State, personally appeared
Yvonne J. Wheeler, A.V.P.,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal (Seal)

Signature

LINDA JO DAVIS
Commission # 1708819
Notary Public - California
San Diego County
My Comm. Expires Dec 5, 2010



END OF DOCUMENT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE FORECLOSURE CASES** | ) | **CASE NO. NO.1:07CV2282** |
| | ) | **07CV2532** |
| | ) | **07CV2560** |
| | ) | **07CV2602** |
| | ) | **07CV2631** |
| | ) | **07CV2638** |
| | ) | **07CV2681** |
| | ) | **07CV2695** |
| | ) | **07CV2920** |
| | ) | **07CV2930** |
| | ) | **07CV2949** |
| | ) | **07CV2950** |
| | ) | **07CV3000** |
| | ) | **07CV3029** |
| | ) | |
| | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| | ) | |
| | ) | |
| | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |

**CHRISTOPHER A. BOYKO, J.**:

On October 10, 2007, this Court issued an Order requiring Plaintiff-Lenders in a number of pending foreclosure cases to file a copy of the executed Assignment demonstrating Plaintiff was the holder and owner of the Note and Mortgage ***as of the date the Complaint was filed***, or the Court would enter a dismissal. After considering the submissions, along with all the documents filed of record, the Court dismisses the captioned cases without prejudice. The Court has reached today's determination after a thorough review of all the relevant law and the briefs and arguments recently presented by the parties, including oral

arguments heard on Plaintiff Deutsche Bank's Motion for Reconsideration. The decision, therefore, is applicable from this date forward, and shall not have retroactive effect.

**LAW AND ANALYSIS**

A party seeking to bring a case into federal court on grounds of diversity carries the burden of establishing diversity jurisdiction. *Coyne v. American Tobacco Company*, 183 F. 3d 488 (6th Cir. 1999). Further, the plaintiff "bears the burden of demonstrating standing and must plead its components with specificity." *Coyne*, 183 F. 3d at 494; *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464 (1982). The minimum constitutional requirements for standing are: proof of injury in fact, causation, and redressability. *Valley Forge*, 454 U.S. at 472. In addition, "the plaintiff must be a proper proponent, and the action a proper vehicle, to vindicate the rights asserted." *Coyne*, 183 F. 3d at 494 (quoting *Pestrak v. Ohio Elections Comm'n*, 926 F. 2d 573, 576 (6th Cir. 1991)). To satisfy the requirements of Article III of the United States Constitution, the plaintiff must show he has ***personally suffered some actual injury*** as a result of the illegal conduct of the defendant. (Emphasis added). *Coyne*, 183 F. 3d at 494; *Valley Forge*, 454 U.S. at 472.

In each of the above-captioned Complaints, the named Plaintiff alleges it is the holder and owner of the Note and Mortgage. However, the attached Note and Mortgage identify the mortgagee and promisee as the original lending institution — one other than the named Plaintiff. Further, the Preliminary Judicial Report attached as an exhibit to the Complaint makes no reference to the named Plaintiff in the recorded chain of title/interest. The Court's Amended General Order No. 2006-16 requires Plaintiff to submit an affidavit along with the Complaint, which identifies Plaintiff either as the original mortgage holder, or as an assignee,

trustee or successor-in-interest. Once again, the affidavits submitted in all these cases recite the averment that Plaintiff is the owner of the Note and Mortgage, without any mention of an assignment or trust or successor interest. Consequently, the very filings and submissions of the Plaintiff create a conflict. In every instance, then, Plaintiff has not satisfied its burden of demonstrating standing at the time of the filing of the Complaint.

Understandably, the Court requested clarification by requiring each Plaintiff to submit a copy of the Assignment of the Note and Mortgage, executed as of the date of the Foreclosure Complaint. In the above-captioned cases, ***none*** of the Assignments show the named Plaintiff to be the owner of the rights, title and interest under the Mortgage at issue as of the date of the Foreclosure Complaint. The Assignments, in every instance, express a present intent to convey all rights, title and interest in the Mortgage and the accompanying Note to the Plaintiff named in the caption of the Foreclosure Complaint upon receipt of sufficient consideration on the date the Assignment was signed and notarized. Further, the Assignment documents are all prepared by counsel for the named Plaintiffs. These proffered documents belie Plaintiffs' assertion they own the Note and Mortgage by means of a purchase which pre-dated the Complaint by days, months or years.

Plaintiff-Lenders shall take note, furthermore, that prior to the issuance of its October 10, 2007 Order, the Court considered the principles of "real party in interest," and examined Fed. R. Civ. P. 17 — "Parties Plaintiff and Defendant; Capacity" and its associated Commentary. The Rule is not *apropos* to the situation raised by these Foreclosure Complaints. The Rule's Commentary offers this explanation: "The provision should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the

proper party to sue is difficult or when an understandable mistake has been made. ... It is, in cases of this sort, intended to insure against forfeiture and injustice ..." Plaintiff-Lenders do not allege mistake or that a party cannot be identified. Nor will Plaintiff-Lenders suffer forfeiture or injustice by the dismissal of these defective complaints otherwise than on the merits.

Moreover, this Court is obligated to carefully scrutinize all filings and pleadings in foreclosure actions, since the unique nature of real property requires contracts and transactions concerning real property to be in writing. R.C. § 1335.04. Ohio law holds that when a mortgage is assigned, moreover, the assignment is subject to the recording requirements of R.C. § 5301.25. *Creager v. Anderson* (1934), 16 Ohio Law Abs. 400 (interpreting the former statute, G.C. § 8543). "Thus, with regards to real property, before an entity assigned an interest in that property would be entitled to receive a distribution from the sale of the property, their interest therein must have been recorded in accordance with Ohio law." *In re Ochmanek*, 266 B.R. 114, 120 (Bkrtcy.N.D. Ohio 2000) (citing *Pinney v. Merchants' National Bank of Defiance*, 71 Ohio St. 173, 177 (1904).[1]

This Court acknowledges the right of banks, holding valid mortgages, to receive timely payments. And, if they do not receive timely payments, banks have the right to properly file actions on the defaulted notes — seeking foreclosure on the property securing the notes. Yet, this Court possesses the independent obligations to preserve the judicial integrity of the federal court and to jealously guard federal jurisdiction. Neither the fluidity of

---

[1] Astoundingly, counsel at oral argument stated that his client, the purchaser from the original mortgagee, acquired complete legal and equitable interest in land when money changed hands, even before the purchase agreement, let alone a proper assignment, made its way into his client's possession.

the secondary mortgage market, nor monetary or economic considerations of the parties, nor the convenience of the litigants supersede those obligations.

Despite Plaintiffs' counsel's belief that "there appears to be some level of disagreement and/or misunderstanding amongst professionals, borrowers, attorneys and members of the judiciary," the Court does not require instruction and is not operating under any misapprehension. The "real party in interest" rule, to which the Plaintiff-Lenders continually refer in their responses or motions, is clearly comprehended by the Court and is not intended to assist banks in avoiding traditional federal diversity requirements.[2] Unlike Ohio State law and procedure, as Plaintiffs perceive it, the federal judicial system need not, and will not, be "forgiving in this regard."[3]

---

2

Plaintiff's reliance on Ohio's "real party in interest rule" (ORCP 17) and on any Ohio case citations is misplaced. Although Ohio law guides federal courts on substantive issues, state procedural law cannot be used to explain, modify or contradict a federal rule of procedure, which purpose is clearly spelled out in the Commentary. "In federal diversity actions, state law governs substantive issues and federal law governs procedural issues." *Erie R.R. Co. v. Tompkins*, 304 U.S. 63 (1938); *Legg v. Chopra*, 286 F. 3d 286, 289 (6th Cir. 2002); *Gafford v. General Electric Company*, 997 F. 2d 150, 165-6 (6th Cir. 1993).

3

Plaintiff's, "Judge, you just don't understand how things work," argument reveals a condescending mindset and quasi-monopolistic system where financial institutions have traditionally controlled, and still control, the foreclosure process. Typically, the homeowner who finds himself/herself in financial straits, fails to make the required mortgage payments and faces a foreclosure suit, is not interested in testing state or federal jurisdictional requirements, either *pro se* or through counsel. Their focus is either, "how do I save my home," or "if I have to give it up, I'll simply leave and find somewhere else to live."

In the meantime, the financial institutions or successors/assignees rush to foreclose, obtain a default judgment and then sit on the deed, avoiding responsibility for maintaining the property while reaping the financial benefits of interest running on a judgment. The financial institutions know the law charges the one with title (still the homeowner) with maintaining the property.

There is no doubt every decision made by a financial institution in the foreclosure process is driven by money. And the legal work which flows from winning the financial institution's favor is highly lucrative. There is nothing improper or wrong with financial institutions or law firms making a profit — to the contrary , they should be rewarded for sound business and legal practices. However, unchallenged by underfinanced opponents, the institutions worry less about jurisdictional requirements and more about maximizing returns. Unlike the focus of financial institutions, the federal courts must act as gatekeepers, assuring that only those who meet diversity and standing requirements are allowed to pass through. Counsel for the institutions are not without legal argument to support their position, but their arguments fall woefully short of justifying their premature filings, and utterly fail to satisfy their standing

**CONCLUSION**

For all the foregoing reasons, the above-captioned Foreclosure Complaints are dismissed without prejudice.

**IT IS SO ORDERED.**

**DATE: October 31, 2007**

**S/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

---

and jurisdictional burdens. The institutions seem to adopt the attitude that since they have been doing this for so long, unchallenged, this practice equates with legal compliance. Finally put to the test, their weak legal arguments compel the Court to stop them at the gate.

The Court will illustrate in simple terms its decision: "Fluidity of the market" — "X" dollars, "contractual arrangements between institutions and counsel" — "X" dollars, "purchasing mortgages in bulk and securitizing" — "X" dollars, "rush to file, slow to record after judgment" — "X" dollars, "the jurisdictional integrity of United States District Court" — "Priceless."